UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN ELAINE WEST,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE CITY OF NEW YORK; NYC<br>DEPARTMENT OF HOUSING PRESERVATION<br>AND DEVELOPMENT; NYC DEPARTMENT<br>OF HOMELESS SERVICES; NYC<br>DEPARTMENT OF HEALTH AND MENTAL<br>HYGIENE; NYC HUMAN RESOURCES<br>ADMINISTRATION; LANTERN COMMUNITY<br>SERVICES,<br><br>                              Defendants. | 23-CV-2256 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Alabama and is appearing *pro se*, brings this action invoking the

Court's federal question and diversity jurisdiction. By order dated March 17, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Helen West alleges the following facts in her complaint. Plaintiff lost her job as a public school teacher. (ECF 1 at 5.) She was then evicted from an "illegal rental" after proceedings in Brooklyn Housing Court. During the eviction proceedings, the Housing Court judge asked Plaintiff if she used drugs, to which she responded, "No." (*Id.*) Even though this exchange was the only mention of drugs or drug use during the eviction proceedings, a notation was made on the "internal computer system of the Housing Court" that Plaintiff was evicted due

to "drug activity." (*Id.*) This erroneous label came to light during an investigation by the U.S. Department of Housing and Urban Development into a claim of discrimination that Plaintiff made, though she does not provide any further details about that investigation. Plaintiff asserts that "[e]very effort [that she] made to get help for years failed because of [this] false labeling." (*Id.* at 6.)

Plaintiff contends that the Department of Homeless Services (DHS) and "third party vendors received funding to house [her] with mentally ill and chemically addicted clients," though neither condition applies to her. (*Id.* at 6.) Plaintiff "was forced to file for Social Security" benefits and was "unable to work." (*Id.*) She asserts that money was improperly deducted from her social security benefits on the ground that she received "a double payment of SNAP" food stamps. (*Id.*) The New York City Human Resources Administration (HRA) "had a doctor change [Plaintiff's] former diagnosis of depression to Major Depressive Disorder without [her] knowledge to qualify [her] for supportive housing." (*Id.* at 8.) She contends that "misappropriation of federal and state funds is a major part of this case," as is a "massive amount of corruption." (*Id.* at 8.)

Plaintiff asserts that she is "nearing retirement age" but has spent "the last 12 years of [her] life under conditions that have prevented [her] from having gainful employment and contributing to [her] retirement" savings. (*Id.*)

Plaintiff brings suit against the City of New York, four of its agencies (the Department of Health and Mental Hygiene (DOHMH); Department of Housing Preservation and Development (HPD); DHS; and HRA), and Lantern Community Services. She asserts claims under federal criminal statutes, 18 U.S.C. §§ 241, 242, 245, "criminal interference with rights to fair housing,"

and the Fourteenth Amendment to the U.S. Constitution. Plaintiff seeks damages for lost wages

and other "vast" damage to "many aspects of [her] life." (*Id.*)

## DISCUSSION

### A.      Prosecuting federal criminal charges

Plaintiff cannot initiate federal criminal charges because "the decision to prosecute is

solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981).

Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from

control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457

F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims under 18 U.S.C.

§§ 241, 242, 245, and any other federal criminal statutes. If Plaintiff chooses to file an amended

complaint, these claims should not be reasserted in the amended complaint.

### B.      Claims against New York City agencies

Most agencies of the City of New York lack the capacity to be sued, and claims against

New York City agencies generally must be asserted against the City of New York. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff sues four city agencies – DOHMH, HPD, DHS, and HRA. By statute, DOHMH

has the capacity to be sued in the name of the agency. New York City Charter Ch. 22, § 564

("The department may sue and be sued in and by the proper name of 'Department of Health and

Mental Hygiene of the City of New York' . . ."); *Rivera v. Bloomberg*, No. 11-CV-4325, 2012

WL 3655830, at *11 (S.D.N.Y. Aug. 27, 2012) ("Under Chapter 22, Section 564 of the New York

City Charter, DOHMH, . . . is a suable entity."). Claims against the remaining three agencies, however, must be brought against the City of New York, which is already named as a defendant in this action. The Court therefore dismisses Plaintiff's claims against HPD, DHS, and HRA, because claims against these agencies must be asserted against the City of New York. The Court addresses below Plaintiff's claims against DOHMH.

**C.    Municipal liability**

Because Plaintiff invokes her rights under the Fourteenth Amendment of the U.S. Constitution, the Court construes Plaintiff's claims against the City of New York and DOHMH as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that a government entity, or an individual acting under the color of state law (a "state actor"), violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

When a plaintiff sues a municipality, such as the City of New York, or a municipal entity under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff sues the City of New York and DOHMH, but she has not identified any policy, custom, or practice of these entities that caused a violation of her rights. Plaintiff contends that she suffered numerous harms over many years due to "corruption" and "misappropriation of funds," but such general allegations are insufficient to state a claim under Section 1983 against either entity.

If Plaintiff chooses to amend her complaint and reassert a claim against the City of New York, DOHMH, or both, she must plead facts about how the entities themselves, through their policies, customs, or practices, caused a violation of her federal rights. If Plaintiff seeks to assert a claim against individual employees of these entities, she must allege facts about what each individual did or failed to do that violated her rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

## D.   Errors in Housing Court records

Plaintiff contends that the Housing Court included an erroneous notation in the record of her court proceedings that her eviction was related to drug activity. "The housing court . . . is part of the New York State Unified Court System and, thus, is a state entity." *Wiltz v. New York Univ.*, No. 1:18-CV-00123, 2019 WL 721658, at *10 (S.D.N.Y. Feb. 1, 2019) (relying on *Pantoja v. Scott*, No. 96-CV-08593, 1997 WL 433472, at *2 (S.D.N.Y. Aug. 1, 1997)), *R & R adopted*, 2019 WL 720700 (S.D.N.Y. Feb. 19, 2019). Because the Housing Court is a state entity, Plaintiff cannot sue the Housing Court in federal court for damages, which is the only relief that Plaintiff has requested in her complaint. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[T]he

New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.").[1]

Plaintiff invokes the Due Process Clause of the Fourteenth Amendment in connection with this claim. In a suit under Section 1983 to enforce procedural due process rights, a court must determine whether a property interest is implicated and, if it is, what process is due before the plaintiff may be deprived of that interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Where a plaintiff is deprived of due process due to a government employee's random and unauthorized act, the government cannot predict precisely when the loss will occur, and it would be impossible to provide a meaningful hearing *before* the deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986). In such cases, the availability of an adequate post-deprivation remedy precludes any claim that a plaintiff was denied procedural due process. *See, e.g.*, *Atallah v. N.Y. Coll. of Osteopathic Med.*, 93 F. Supp. 3d 448, 455-57 (E.D.N.Y. 2015), *aff'd*, 643 Fed. Appx. 7 (2d Cir. 2016) (collecting cases holding that Article 78 proceedings provide an adequate post-deprivation remedy). Plaintiff's allegations seem to suggest that a state employee caused an erroneous notation to be made in the records of her Housing Court proceedings. Post-deprivation remedies in the state courts were available to her to vindicate her rights following such an act, and these allegations thus do not state a claim that her right to procedural due process was violated.[2]

---

[1] Plaintiff has not asked to overturn a Housing Court decision, but the Court notes that such relief would be unavailable because "the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923)).

[2] Plaintiff could have filed a motion in the Housing Court proceedings to ask the court to correct this error, or could have brought an Article 78 proceeding.

Plaintiff has not explicitly asserted a state law claim against any defendant arising from the notation about drug activity in her Housing Court file. Plaintiff does not plead any facts about when her Housing Court proceedings took place, but she suggests that the harms that she has suffered have been ongoing for "the last 12 years." (ECF 1 at 6.) If Plaintiff chooses to amend her complaint and replead a state law claim, she should therefore investigate whether her claims will be timely and, if not, whether there is any basis for equitable tolling of the limitations period.

### E.   Lantern Community Services

Plaintiff sues Lantern Community Services, which is not a government entity, and which appears to be a nonprofit providing services to prevent homelessness. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties therefore generally are not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

A private entity's activity can constitute state action in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The receipt of public funds, or the existence of a regulatory scheme governing the entity's activities, in themselves do not make a private entity's conduct an action of the State. *See Rendell-Baker v. Kahn,* 457 U.S. 830, 840-41 (1982); *Horvath v. Westport Library Ass'n*, 362

F.3d 147, 152 (2d Cir. 2004) (noting that a "predominance of public funding" is not conclusive proof of state action).

Plaintiff names Lantern Community Services as a defendant in the caption of her complaint, but she does not plead any facts about this defendant in the body of her complaint. Because there are no facts in the complaint about the activity of this defendant, Plaintiff does not show that this entity was engaged in state action that violated her constitutional rights. Without factual allegations, Plaintiff cannot state a claim under state law against this defendant. If Plaintiff files an amended complaint and names Lantern Community Services as a defendant, she must plead facts about what this defendant did or failed to do that violated her rights and clarify what claim she is bringing against this defendant.

## F.   Social Security benefits

Plaintiff alleges that money was improperly deducted from her social security benefits. Under 42 U.S.C. § 405(g), district courts can provide judicial review of final administrative decisions of the Commissioner of Social Security. Plaintiff must first raise her claim about improper deductions in administrative proceedings with the Social Security Administration before seeking review of a final decision of the Commissioner. The Court thus lacks jurisdiction to review any claim that Plaintiff is making regarding her social security benefits.

## G.   Fair Housing Act

Plaintiff's complaint, which refers to her "rights to fair housing" (ECF 1 at 2), might be understood as invoking the Fair Housing Act (FHA). The FHA makes it unlawful, among other things, to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). Plaintiff does not plead facts, however, from which it could be inferred that any defendant violated the FHA,

and accordingly, she has not stated a claim under the FHA. If Plaintiff asserts an FHA claim in her amended complaint, she must clarify against whom the claim is asserted and what happened that violated her rights. [3]

## H.      Diversity jurisdiction

Plaintiff invokes the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

"An individual's citizenship, within the meaning of the diversity statue, is determined by [her] domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has [her] true fixed home and principal establishment, and to which, whenever [s]he is absent, [s]he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home." *LoCurto v. LoCurto*, 07-CV-8238, 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008). For purposes of diversity jurisdiction, a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559

---

[3] Claims brought under the FHA are subject to a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A)("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."). Tolling of the limitations period may be available in some situations.

U.S. 77, 93 (2010). A plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos*, 157 F.3d at 947.

Plaintiff alleges that she "was helped to temporarily leave NYC during COVID and was able to find affordable housing in a safe place." (ECF 1 at 6.) Her current mailing address is in Alabama. These allegations are insufficient to satisfy Plaintiff's burden of showing that she is currently domiciled in Alabama and intends to remain there. If Plaintiff chooses to file an amended complaint and invokes the Court's diversity jurisdiction, she must plead facts about the citizenship of all parties. Plaintiff must also identify her state law claims and plead facts about what each defendant did or failed to do that violated her rights under state law.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim (with the exception of her claims seeking to prosecute federal criminal charges, which Plaintiff should not replead), the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals that assists people who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendants New York City Human Resources Administration, Department of Housing Preservation and Community Development, and the Department of Homeless Services, without prejudice to Plaintiff's bringing such claims against the City of New York.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-2256 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 30, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

# COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial        Last Name

_____

Street Address

_____

County, City                      State                 Zip Code

_____

Telephone Number                  Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4:

_____
First Name                         Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                       State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

## Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                     City                     State                     Zip Code


_____
Telephone Number                     E-mail Address


_____
Date                     Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.**

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

